LOTTINGER, Judge.
This is a suit by Lillian H. Rube against the American Casualty Company of Reading, Pennsylvania, for certain hospital and medical expenses which petitioner claims are due under a Group Major Medical Expense Policy covering petitioner as well as her co-employees. The lower court rendered judgment in favor of defendant and dismissed petitioner’s suit. Plaintiff has taken a devolutive appeal.
The record discloses that, effective on May 17, 1956 defendant issued its Group Major Medical Expense Policy, covering the employees of E. J. Gonzales Finance Company. At the time and, subsequent thereto the petitioner was an employee of the said finance company, and was, therefore, covered by the said policy. The following definitions are contained in the policy, and are pertinent to a decision in this suit:
Section II Definitions
“ ‘Injury’ as used in this Rider means accidental bodily injury which causes the loss directly and independently of all other causes and is sustained while this Rider is in force and does not arise out of any occupation of the Insured Employee for wages or profit.”
“ ‘Sickness’ as used in this Rider means sickness or disease causing loss commencing while this Rider is in *154 force and for which benefits are not payable under any Workmen’s Compensation or Occupational Disease Act or Law.”
The petition alleges, and the evidence discloses, that prior to the effective date of the said policy petitioner was involved in two automobile accidents. As a result of each accident she suffered a broken nose which severely impeded her breathing as well as disfigurement to the nose. The later of the two accidents occurred on or about November 26, 1955, which was some six months prior to the effective date of the insurance policy. Subsequent to the issuance of the policy, petitioner underwent plastic surgery to the nose for the dual purpose of improving her breathing as well as relieving her facial disfigurement. The operation was a success. Petitioner then made demand upon defendant for the payment of hospital and other medical expenses in the amount of $1,377.54, which demand was denied by the defendant. The petitioner then filed this suit for the said amount. The lower court awarded judgment for defendant, dismissing the suit, and the plaintiff has appealed.
Upon appeal the petitioner claims that the lower court erred in refusing to award judgment upon its claim. Petitioner takes the position that, as the surgery was not performed until after the effective date of the policy, the loss was covered by the policy and the benefits thereon are recoverable by petitioner. Petitioner further claims that she had a “sickness” at the time of the surgery, which “sickness” is covered by the policy.
Defendant on the other hand claims that the surgery was a direct result of an accidental bodily injury which was sustained by petitioner prior to the effective date of the policy, and which is, therefore, not covered by the policy. In the alternative, defendant contends that, even though this Court were to construe the petitioner’s loss as a result of a “sickness”, such “sickness” commenced prior to the effective date of the policy and would not be covered thereby. There is no question but that the surgery was a direct result of the accident and that there were no intervening causes-which caused, or added to, the necessity for surgery.
It certainly appears to us that the surgery was a direct result of an accidental injury sustained by the petitioner during the year-1955. As a result of the said accident, as-well as a prior accident, the petitioner received injuries to her nose. It was later necessary that the surgery be performed both to improve the breathing of petitioner, as well as to correct a disfigurement of the-nose. The surgery was a direct result of' the accidental injury.
The term “injury” is defined in the policy as an “accidental bodily injury which-causes the loss directly and independently of all other causes and is sustained while this Rider is in force.” The policy further defines “sickness” as a “sickness or disease causing loss commencing while this Rider is in force.” It is our interpretation that, in-order to recover under the policy, the injury must be sustained, or the “sickness”' must commence, during the term of the-policy. In other words the cause must occur during the term of the policy. We-feel that such was the intention of the-parties by the clear wording of the definitions contained in the policy. Although it appears to us that no difference would be involved regardless of whether the loss-resulted from an injury or illness, it certainly seems clear that the loss sustained' by petitioner was as a result of an accidental bodily injury, i. e., an automobile accident. Such was also the opinion of the lower court.
Petitioner contends that the meaning of these two definitions is that the “loss” must be sustained while the rider is in force. Our interpretation of the definitions is to the effect that the injury or the sickness must result during the term of the policy. The terminology is used under the definitions of the terms “injury” and “sickness”, and it is clear that they were used in defining the words “injury” and “sickness” instead of the word “loss”. We feel that our *155 •.position is strengthened by the fact that under “injury” they used the terminology “accidental bodily injury which * * * is sustained while this Rider is in force”; and under the definition of “sickness” they used the terminology “sickness or disease * * * commencing while this Rider is in force.” If it was the intention of the drafter of the policy to refer to the term “loss”, why did he use the word sustained in one instance and the word commencing in the other instance?
The policy is clear, in our opinion, and we find no reversible error in the decision below.
For the reasons assigned, the judgment •of the lower court will be affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.